IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, by and through its Attorney General, Jeff Landry, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> Defendants. | Civil Action No. 3:21-CV-4370-TAD-KDM |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF SANDY BRICK'S MOTION FOR JUDICIAL NOTICE OF CERTAIN FACTS IN SUPPORT OF HER CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants hereby respectfully submit this opposition to Plaintiff Sandy Brick's Motion for Judicial Notice. *See* ECF No. 109 (hereinafter "Motion" or "Mot."). The materials submitted by Plaintiff for judicial notice are provided outside of the well-developed administrative record and do not fit within the narrow exceptions that permit a Court to consider materials outside of this record in cases brought under the Administrative Procedure Act ("APA"). Further, these items are not relevant to this Court's consideration of the issues in this case or are redundant of what is already found in the administrative record. Thus, there is no reason for the Court to take judicial notice of these items and to supplement the well-developed administrative record in considering the propriety of the Interim Final Rule, Vaccine and Mask Requirements to Mitigate the Spread of COVID 19 in Head Start Programs, 86 Fed. Reg. 68,052 (Nov. 30, 2021) (the "Rule"). For the reasons discussed

further herein, the Court should deny Plaintiff's motion.

## ARGUMENT

Plaintiff brings this suit primarily under the APA[1] to enjoin implementation of the Department of Health & Human Services' ("HHS") Rule relating to vaccine and mask requirements in Head Start programs. *See generally* Am. Compl., *Brick v. Biden*, No. 2:21-cv-4386-JDC-KK (W.D. La. Apr. 15, 2022), ECF No. 27. As courts have long held, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party."). In other words, "[r]eview is limited to the record compiled by the agency." *Medina Cnty. Envt'l Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010); *see also W&T Offshore, Inc. v. Jewell*, No. 14-cv-2449, 2016 WL 5724907, at *2 (W.D. La. Sept. 30, 2016). As a result, well-established caselaw makes abundantly clear that judicial review should generally be limited to the administrative record before the Court.[2]

Nonetheless, the Fifth Circuit recognizes certain narrow exceptions that permit a district court to consider evidence outside the administrative record—*i.e.*, "[s]upplementation of the administrative record." *Medina Cnty.*, 602 F.3d at 706. As the *Medina* court summarized:

> Supplementation may be permitted when:
> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, . . .
> (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or

---

[1] Plaintiff does bring several counts alleging that the Rule violates the United States Constitution, *See* Am. Compl. ¶¶ 85–101, *Brick v. Biden*, No. 2:21-cv-4386-JDC-KK (W.D. La. Apr. 15, 2022), ECF No. 27. However, the documents in question play no role with respect to those claims. *See* Pl. Sandy Brick's Mem. Supporting her Cross-Motion for Summary Judgment at 25–27, ECF No. 111 (making purely legal arguments in support of her constitutional claims). Instead, they are used solely in connection with Plaintiff's APA claims.

[2] Defendants do not dispute that government websites are the *type* of resource of which a court may take judicial notice in appropriate circumstances. Mot. at 2. Rather, Defendants object to the Court taking judicial notice of such websites *in an APA case* that is properly confined to review of the administrative record.

(3) the agency failed to explain administrative action so as to frustrate judicial review.

*Id.* (omission in original) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

Plaintiff says that documents outside of the administrative record are appropriate for consideration where they do not "supplement" the administrative record. Mot. at 2. However, supplementation is precisely what Plaintiff is asking the Court to do, *i.e.*, to consider materials that are outside of the administrative record. *See, e.g.*, *Bruce v. Azar*, 389 F. Supp. 3d 716, 724 (N.D. Cal. 2019), *aff'd*, 826 F. App'x 643 (9th Cir. 2020). And Plaintiff's materials do not fit within any of the narrow exceptions for supplementation. Indeed, her Motion does not identify these circumscribed limits to going beyond the administrative record. None of Plaintiff's submissions for judicial notice provide necessary background information not adequately explained in the record; none of them show that HHS excluded documents—deliberately, negligently, or otherwise—that may have been adverse to its decision; and Plaintiff does not argue that the administrative record fails to explain HHS's decision so as to frustrate judicial review.

Plaintiff argues that "Documents 1 and 4 are necessary evidence of the agency's policy as it existed prior to the adoption of [the Rule]," suggesting potentially that HHS improperly failed to include these items in the record. Mot. at 3. But Plaintiff identifies no reason to believe HHS considered these documents in its decision-making process, and thus, they are not part of the administrative record.[3] Further, Plaintiff's claims that these documents "are necessary to establish the

---

[3] In support of Plaintiff's claim that prior policies can be considered when outside of the administrative record, she cites to *Wages & White Lion Investments, L.L.C. v. FDA*, 16 F.4th 1130, 1138 (5th Cir. 2021), and *Texas v. Becerra*, No. 5:21-cv-300-H, 2021 WL 6198109, at *17 (N.D. Tex. Dec. 31, 2021). In neither of these cases, however, did the court consider materials outside of the administrative record. In *Wages & White*, the Fifth Circuit compared the agency's rules—published in the federal register—with the challenged denial of the plaintiff's administrative application. *Wages & White Lion Invs.*, 16 F.4th at 1138. Nowhere did the court suggest that it was supplementing the administrative record. And in *Texas*, the court, reviewing the Head Start Rule at issue in this case, considered a CDC study *that was included in the administrative record* as evidence of Head Start's pre-Rule policy. *Texas*, 2021 WL 6198109, at *17.

prior policy," Mot. at 3, are not availing. Document 1 does not show any prior policy, but rather is a transcript of a near hour-long press briefing by the White House Press Secretary on a multitude of issues—none of which included a discussion of the Head Start Rule, a predecessor policy, or even HHS's perspective on the necessity of requiring vaccines and masks. Similarly, Document 4 is a webinar that was offered by the OHS and not some prior policy. The webinar discusses how to provide technical assistance to grantees of the Head Start Program about combating vaccine hesitancy.[4] And to the extent that Plaintiff is offering this webinar to critique HHS's subsequent, actual policy when it issued the Rule requiring vaccines for Head Start participants, the preamble of the Rule specifies exactly why HHS chose to require vaccination despite previous efforts to encourage voluntary vaccination. *See, e.g.*, AR00002–AR00007; *see also* AR00008 ("[A] combination of factors, including . . . failure to achieve sufficiently high levels of vaccination based on voluntary efforts and patchwork requirements, . . . have persuaded us that a vaccine requirement for Head Start staff, certain contractors, and volunteers is an essential component of the nation's COVID-19 response."). Thus, the webinar cited by Plaintiff adds nothing to the Court's analysis.

Plaintiff's other argument for having the Court consider materials outside the administrative record is that "Documents 2 and 3 are evidence of the pretextual nature of the decision (in other words, Plaintiff alleges that the decision-maker made the decision for reasons not in the record)." Mot. at 2. But Plaintiff does not show bad faith in HHS's decision-making process so as to permit judicial notice of these materials. Nor are these materials relevant to pretext despite Plaintiff's cursory assertion otherwise.

Document 2 is merely a transcript of a September 9, 2021 speech confirming what the Rule

---

[4] Plaintiff cites to the webinar as being dated "July 14, 2022," Mot. at 2, but it appears that the webinar was delivered on July 14, 2021. *See* Mental Health and Staff Wellness: Emotionally Strong Together, HHS (July 14, 2021), https://eclkc.ohs.acf.hhs.gov/video/mental-health-staff-wellness-emotionally-strong-together.

ultimately implemented, which was a vaccination requirement for Head Start employees. *See Remarks by President Biden on Fighting the COVID-19 Pandemic*, The White House (Sept. 9, 2021), https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/09/remarks-by-president-biden-on-fighting-the-covid-19-pandemic-3/ ("Tonight, I'm announcing that we'll require all of nearly 300,000 educators in the federal paid program, Head Start program, must be vaccinated as well to protect your youngest—our youngest—most precious Americans and give parents the comfort."). Further, this document is redundant to what is already in the administrative record as the preamble of the Rule expressly notes the President's September 9, 2021 speech and how it announced the Head Start vaccination requirement. *See* AR00018 ("On September 9, 2021, President Biden announced the 'Path Out of the Pandemic' COVID-19 Action Plan, which announced the development of a Head Start vaccination requirement, and other elements of a national strategy to combat COVID-19."). Document 3 also does not show bad faith or pretext in HHS's decision making around the Rule in support of Plaintiff's arguments. As with Document 2, it reiterates the announcement of a vaccination requirement for Head Start employees and its announcement by the President, which later became the Rule at issue here and which was noted in the administrative record. *See, e.g.*, AR00018. Thus, as with Document 2, Document 3 add no new information that would inform this Court's analysis apart from the administrative record and does not support Plaintiff's contention "that the decision-maker made the decision for reasons not in the record." Mot. at 2.

In justifying the use of these documents, Plaintiff argues that "[c]ourts regularly review extra-record evidence when establishing whether an administrative decision was made for pretextual reasons" and cites the cases of *Sarsour v. Trump*, 245 F. Supp. 3d 719 (E.D. Va. 2017) and *Hawaii v. Trump*, 241 F. Supp. 3d 1119 (D. Haw. 2017). But those cases are particularly inapposite here. Both cases involved the consideration of evidence beyond the face of presidential executive orders being challenged, which the plaintiffs there believed was necessary to show an underlying discriminatory

5

purpose of those orders as relevant to constitutional claims brought under the Establishment Clause. *See Sarsour*, 245 F. Supp. 3d at 735 ("The Court must therefore first determine to what extent and on what basis it will look behind the Order's stated secular purpose and justification to determine whether EO-2 constitutes a subterfuge or pretext for a true purpose of religious discrimination."); *Hawaii*, 241 F. Supp. 3d at 1135 ("It is well established that evidence of purpose beyond the face of the challenged law may be considered in evaluating Establishment and Equal Protection Clause claims." (citation omitted)). Yet, claims of religious or other discrimination sometimes involve consideration of whether a facially neutral policy or measure is pretextual. That is not so with APA claims, such as Plaintiff's. These cases are even more inapposite here because they involved instances where the facially legitimate and non-discriminatory rationales for a policy were directly contradicted by prior statements. *See, e.g.*, *Hawaii*, 241 F. Supp. 3d at 1137 ("These plainly-worded statements, made in the months leading up to and contemporaneous with the signing of the Executive order, and, in many cases, made by the Executive himself, *betray* the Executive Order's stated secular purpose." (emphasis added)). That is not so with Documents 2 and 3, which announced the Head Start vaccination requirement that came to be, and which are expressly mentioned in the preamble of the Rule. Thus, Plaintiff's cases do not support the consideration of either document outside of the administrative record to show pretext.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's motion for judicial notice.


Dated: August 24, 2022                                            Respectfully submitted,

                                                                                    BRIAN M. BOYNTON
                                                                                   Principal Deputy Assistant Attorney General

                                                                                   MICHELLE R. BENNETT
                                                                                   Assistant Branch Director
                                                                                   Federal Programs Branch

/s/ *Michael P. Clendenen*
MICHAEL P. CLENDENEN (DC Bar No. 1660091)
CHRISTOPHER D. EDELMAN (DC Bar No. 1033486)
MADELINE M. MCMAHON (DC Bar No. 1720813)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
Phone: (202) 305-0693
Fax: (202) 616-8460
michael.p.clendenen@usdoj.gov

*Attorneys for Defendants*